739 F.2d 140
 William ENGLAND; John L. Cooper; Conrad Brown and Jessie
Hypes, Appellees,
v.
John D. ROCKEFELLER, IV, individually and in his official
capacity as Governor of the State of West
Virginia, Appellant,
and
Julian W. Ware, individually and in his official
capacity as District Engineer for District Ten (10) of the
West Virginia Department of Highways; Christine Toney,
individually and in her official capacity as Community
Affairs Coordinator of District Ten (10) of the West
Virginia Department of Highways; Charles L. Miller,
individually and in his official capacity as Commissioner of
the West Virginia Department of Highways; and other
persons, individually and in their official capacities,
whose names are at this time unknown to the Plaintiffs, Defendants.
William ENGLAND; John L. Cooper; Conrad Brown and Jessie
Hypes, Appellees,
v.
Charles L. MILLER, individually and in his official capacity
as Commissioner of the West Virginia Department of
Highways, Appellant,
and
Julian W. Ware, individually and in his official capacity as
District Engineer for District Ten (10) of the West Virginia
Department of Highways; Christine Toney, individually and
in her official capacity as Community Affairs Coordinator of
District Ten (10) of the West Virginia Department of
Highways; John D. Rockefeller, IV, individually and in his
official capacity as Governor of the State of West Virginia;
and other persons, individually and in their official
capacities, whose names are at this time unknown to the
plaintiffs, Defendants.
George L. DOUGLAS, Bette Hatton, Richard Damron, Claude W.
Jarrell, James E. Lucas, Carl Brunty, Martha L. Counts,
Larry G. Porter, Donald L. Roy, Richard L. Webb, Hillard
Browning, Paul Farris and Curley Belcher, Appellees,
v.
Walter J. GALLOWAY, Robert G. Huffman, Charles Williams,
Jerry Roach, James R. Campbell, Charles Shaver, Charles L.
Miller, all individually & in official capacities; and
Lucien Frye, Wally Stowers and Robert Nelson, all
individually, Defendants,
and
John D. Rockefeller, IV, individually & in official
capacity, Appellant.
George L. DOUGLAS, Bette Hatton, Richard Damron, Claude W.
Jarrell, James E. Lucas, Carl Brunty, Martha L. Counts,
Larry G. Porter, Donald L. Roy, Richard L. Webb, Hillard
Browning, Paul Farris and Curley Belcher, Appellees,
v.
Walter J. GALLOWAY, Robert G. Huffman, Charles Williams,
Jerry Roach, James R. Campbell, Charles Shaver, John D.
Rockefeller, IV, all individually & in official capacities;
and Lucien Frye, Wally Stowers and Robert Nelson, all
individually, Defendants,
and
Charles L. Miller, individually and in official capacity, Appellant.
 Nos. 83-1851(L), 83-1852 to 83-1854.
 United States Court of Appeals,
Fourth Circuit.
 Argued June 5, 1984.
Decided July 16, 1984.
 
 Rebecca A. Betts, Charleston, W.Va. (Robert B. King, King, Betts & Allen, Charleston, W.Va., on brief), for appellant in Nos. 83-1851 and 83-1853.
 Chauncey H. Browning, Atty. Gen. of W.Va., Richard L. Earles, Deputy Atty. Gen., Edward W. Eardley and Steptoe & Johnson, Charleston, W.Va., on brief, for appellants in Nos. 83-1852 and 83-1854.
 J. David Cecil, Charleston, W.Va. (Leo Catsonis, Charleston, W.Va., on brief), for appellees.
 Before WINTER, Chief Judge, and HALL and ERVIN, Circuit Judges.
 HARRISON L. WINTER, Chief Judge:
 
 
 1
 These appeals are in two of the nine cases pending in the Northern and Southern Districts of West Virginia in which former employees of the West Virginia Department of Highways (DOH) sued Governor Rockefeller, Commissioner Miller and others, asserting that plaintiffs were terminated for political reasons, in violation of their constitutional right of free association. See Elrod v. Burns, 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976); Branti v. Finkel, 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980). In the instant cases, plaintiffs alleged an elaborate conspiracy between Governor Rockefeller, Highway Commissioner Miller, and various DOH personnel. They claimed that the Governor deliberately inflated revenue estimates for fiscal year 1981 to justify excessive DOH expenditures that helped promote his re-election campaign, and that defendants then used the ensuing deficit as an excuse to terminate DOH employees who were Republicans and out-faction Democrats. Plaintiffs also alleged that the various defendants, including Governor Rockefeller, knew or should have known that the plaintiffs were being terminated for political reasons and refused or neglected to prevent the violation of their rights despite having the power and authority to do so.
 
 
 2
 The Governor and Commissioner Miller filed motions for summary judgment, claiming that they both were entitled to qualified immunity under Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), and that the Governor also was absolutely immune because submission of the revenue estimates in the budget bill was a legislative act. The district court denied the motions, 568 F.Supp. 966, and the Governor and the Commissioner appealed, seeking review in this court under the collateral order doctrine. We affirm the ruling of the district court with respect to the claim of absolute immunity. We decline to review the ruling with regard to the claim of qualified immunity.
 
 I.
 
 3
 We agree with the parties that the denial of the Governor's claim to absolute immunity is immediately appealable, Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949); Nixon v. Fitzgerald, 457 U.S. 731, 102 S.Ct. 2690, 73 L.Ed.2d 349 (1982). We conclude, however, that the district court properly denied the Governor's motion for summary judgment insofar as it was based on the claim of absolute legislative immunity.
 
 
 4
 Legislative immunity attaches to the acts of state executive branch officers only when they are exercising the state's "entire legislative power with respect to" the matter at issue. Supreme Court of Virginia v. Consumers Union, 446 U.S. 719, 734, 100 S.Ct. 1967, 1975, 64 L.Ed.2d 641 (1980) (Virginia Supreme Court members entitled to legislative immunity for regulation of the Bar because they were exercising Virginia's entire legislative power with regard to governing the Bar). Although the Governor of West Virginia is intimately involved in the state's budget process, his participation clearly does not qualify for legislative immunity under Supreme Court of Virginia. The West Virginia Constitution requires the Governor to submit a detailed budget bill to the legislature and permits him to hold public hearings on all estimates included. W.Va. Const. art. VI, Sec. 51(B). The legislature may amend the bill,[1] id., but the Governor has an item veto over the bill as finally passed, which can be overridden on an item-by-item basis only by a two-thirds vote in each house. Id. at Sec. 51(D)(11). Thus his responsibilities regarding the budget, though considerable, clearly fall short of an exercise of the state's entire legislative power to appropriate monies.
 
 
 5
 We note also that we perceive no reason why the Governor would require greater protection for submitting the budget bill than he receives for his other official acts. This consideration counsels against extending him absolute immunity in this context, for in Butz v. Economou, 438 U.S. 478, 508, 98 S.Ct. 2894, 2911, 57 L.Ed.2d 895 (1978), the Court said:
 
 
 6
 We therefore hold that, in a suit for damages arising from unconstitutional action, federal executive officials exercising discretion are entitled only to the qualified immunity specified in Scheuer, subject to those exceptional situations where it is demonstrated that absolute immunity is essential for the conduct of the public business.
 
 
 7
 In our view, state executive officials have need of no greater protection than federal ones.
 
 II.
 
 8
 With regard to the claims of qualified immunity, we have recently held in Bever v. Gilbertson, 724 F.2d 1083 (4 Cir.1984), a case nearly identical to the one before us now, that the order denying the claims of qualified immunity was not appealable prior to final judgment. We adhere to this holding and think it dispositive. Further, we decline to review the question under our pendant jurisdiction to consider a non-appealable order when reviewing another, appealable one.[2]
 
 
 9
 AFFIRMED IN PART; DISMISSED IN PART.
 
 
 10
 K.K. HALL, Circuit Judge, concurring in part and dissenting in part:
 
 
 11
 I concur in the majority's opinion insofar as it affirms the district court's denial of summary judgment with respect to Governor Rockefeller's claim to absolute legislative immunity for his role in the state budget process. Unlike the majority, however, I believe that we have jurisdiction to review the qualified immunity claims raised by Governor Rockefeller and Commissioner Miller. I conclude that we have jurisdiction over these claims either under our pendant jurisdiction to review the absolute immunity question, or under the collateral order doctrine for the same reasons expressed in my dissenting opinion in Bever v. Gilbertson, 724 F.2d 1083, 1089-93 (4th Cir.1984). Accordingly, I would reach the merits of the qualified immunity claims and would reverse the district court's denial of summary judgment with respect to those claims.[1]
 
 
 
 [1]
 The exceptions to this general rule are stated in Sec. 51(B)(5):
 The legislature shall not amend the budget bill so as to create a deficit but may amend the bill by increasing or decreasing any item therein: Provided, that no item relating to the judiciary shall be decreased, and except as otherwise provided in this Constitution, the salary or compensation of any public officer shall not be increased or decreased during his term of office: Provided further, that the legislature shall not increase the estimate of revenue submitted in the budget without the approval of the governor.
 
 
 [2]
 At oral argument, defendants suggested that we committed ourselves to deciding the qualified immunity issue under our pendant jurisdiction when we denied plaintiffs motion to dismiss the appeal insofar as it was based on the claim of qualified immunity. We disagree. We simply said:
 [W]e need not reach the issue whether he and Governor Rockefeller may appeal the denial to them of qualified immunity prior to final judgment, since we may review the rejection of qualified immunity as an incidental exercise of this court's power over the absolute immunity question. See Mercury Motor Express Inc. v. Brinke, 475 F.2d 1086, 1091 (5 Cir.1973) (emphasis added).
 
 
 [1]
 In reviewing the record in this case, I find no evidentiary support whatsoever for plaintiffs' allegations that the State budget deficits in fiscal year 1981 were contrived or that defendants knew or should have known that plaintiffs' terminations were politically motivated and did nothing to prevent them. It is precisely this type of insubstantial claim against high public officials which should not be allowed to proceed to trial. See Harlow v. Fitzgerald, 457 U.S. 800, 819 n. 35, 102 S.Ct. 2727, 2739 n. 35, 73 L.Ed.2d 396 (1982)