**SENTRY LIFE INSURANCE COMPANY, Plaintiff-Appellee,**

**Francisco Melo Cabral, Jr., et al., Defendants,**

**v.**

**Bruce R. BORAD, Defendant-Appellant.**

**CA No. 83–2574.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 14, 1984.

Decided April 29, 1985.

---

John L. Boos, Pettit & Martin, San Francisco, Cal., for plaintiff-appellee.

Gerald A. Cohn, Phillips, Cohn & Greenberg, Orinda, Cal., for defendant-appellant.

Before FLETCHER and CANBY, Circuit Judges and PANNER,[*] District Judge.

CANBY, Circuit Judge:

This case presents an issue of first impression for this and all other federal circuits. By interlocutory appeal, appellant challenges a district court order refusing to confirm and vacating an arbitration award following a prior order staying litigation pending arbitration. We hold that such an order is not immediately appealable under 28 U.S.C. § 1292(a)(1).

## BACKGROUND

In 1980, Dr. Francisco Cabral disappeared at or near California's Russian Gulch State Park. Although no body was found, the doctor—insured by plaintiff Sentry Life—was presumed dead.

Sentry paid insurance proceeds to Mrs. Cabral, the doctor's beneficiary, after executing an agreement with her providing for the repayment, with interest, of all proceeds should her husband prove not to have died. The agreement further provided that any dispute concerning Mrs. Cabral's repayment obligation would be submitted to binding arbitration. While not a signatory

---

[*] The Honorable Owen M. Panner, United States District Judge for the District of Oregon, sitting by designation.

to the agreement, defendant Borad, Mrs. Cabral's attorney, had negotiated the agreement prior to Sentry's conditional payment.

In 1981, Dr. Cabral was discovered alive.[1] Sentry immediately demanded repayment from Mrs. Cabral. Her refusal prompted the current litigation. Upon learning that Borad had received most of the proceeds furnished Mrs. Cabral in satisfaction of attorney fees, Sentry amended its complaint to include Borad as a defendant.

Arguing that he was entitled to have Sentry's claims against him arbitrated in the course of the arbitration by Sentry against Mrs. Cabral, Borad successfully moved the district court to stay litigation pending arbitration. The arbitrator rendered an award in Borad's favor, and Borad moved in district court for confirmation. Sentry opposed the motion on the ground that Sentry's claims were never arbitrable in the first instance.

The district court denied confirmation, vacated the arbitration award, and set the action for trial. On Borad's motion, we stayed further proceedings by the district court pending disposition of this appeal.

### DISCUSSION

"The first Judiciary Act of 1789 ... established the general principle that only final decisions of the federal district courts would be reviewable on appeal. Because rigid application of this principle was found to create undue hardship in some cases, however, Congress created certain exceptions to it. One of these exceptions, 28 U.S.C. § 1292(a)(1), permits appeal as of right from '[i]nterlocutory orders of the district courts ... granting, continuing, modifying, refusing or dissolving injunctions....'" *Carson v. American Brands, Inc.,* 450 U.S. 79, 83, 101 S.Ct. 993, 996, 67 L.Ed.2d 59 (1981) (citations, footnote, and original emphasis omitted).

Under *Carson,* the district court's order refusing to confirm and vacating Borad's arbitration award is immediately appealable under § 1292(a)(1) only if: (1) it has the practical effect of "refusing or dissolving" an injunction; (2) it might have a "serious, perhaps irreparable, consequence;" and (3) it can be "effectively challenged" only by immediate appeal. *Id.* at 83–84, 101 S.Ct. at 996–997. None of these criteria is met here.

The only other case to address the question before us arose in the District of Columbia's court system. In *Brandon v. Hines,* 439 A.2d 496 (D.C.1981), the court held that an interlocutory order vacating an arbitration award, following the trial court's earlier stay of the litigation, is immediately appealable. *Id.* at 508–09. The court reasoned that if a refusal to stay litigation pending arbitration is tantamount to refusing an injunction, and is therefore immediately appealable, a denial of a motion to confirm an arbitration award should also be appealable since, in both instances, the court orders the parties out of the arbitration process and into trial. *Id.* at 508. Further, if the original stay had the practical effect of an injunction, the subsequent order refusing to confirm should be treated as an order "dissolving" that injunction. *Id.* We do not find this reasoning of *Brandon* persuasive.

It is true that we have held that a stay of litigation pending arbitration may be appealable "as an interlocutory order granting an injunction." *Lake Communications, Inc. v. ICC Corp.,* 738 F.2d 1473, 1476 (9th Cir.1984); *accord Salinas Cooling Co. v. Fresh Fruit & Vegetable Workers, Local P–78–A,* 743 F.2d 705, 706–07 (9th Cir.1984). We cannot accept the view, however, that the district court's order here had the practical effect of "dissolving" an injunction. The litigation was only stayed, in the first place, *pending* arbitration. When the arbitration proceedings ended, the stay ended. The stay was not "dissolved" by the district court.

---

**1.** Shortly thereafter, Dr. Cabral again disappeared, and his whereabouts were unknown at the time of trial.

Under the Arbitration Act, 9 U.S.C. § 1 *et seq.*, a district court is empowered to stay trial of an action *"until ... arbitration has been had...." Id.* at § 3 (emphasis added). Borad has had that opportunity to arbitrate. An arbitration award, however, is not self-executing. *Alascom, Inc. v. ITT North Electric Co.,* 727 F.2d 1419, 1422 (9th Cir.1984) (citing 9 U.S.C. § 9). While an arbitration award "generally receive[s] deferential review by the courts," *Carpenters' Local Union No. 1478 v. Stevens,* 743 F.2d 1271, 1275 (9th Cir.1984), deference is not abdication. In refusing to confirm and vacating Borad's award, the district court has exercised its statutory prerogative of independent, if deferential, review under the Act, 9 U.S.C. §§ 9–10 [2]—review implicitly contemplated, given the statute, in the court's initial order staying litigation.

In sum, the district court's order refusing to confirm and vacating the arbitration award did not have the "practical effect" of "dissolving" an injunction. The initial order staying litigation, while itself tantamount to "an ... order granting an injunction," *Lake Communications,* 738 F.2d at 1476, simply permitted arbitration to proceed; it did not abrogate the district court's statutory authority to determine whether circumstances warranted confirmation or vacation of the award.

In addition, we find that neither of the remaining two elements of the *Carson* test is met by the district court's order. Concerning the second element, Borad contends that he will suffer irreparable harm if he is compelled to go to trial without this appeal being decided, since he has already tried this case before an arbitration panel and prevailed. He relies on our decision in *Alascom, Inc.,* 727 F.2d at 1422.

In *Alascom, Inc.,* we noted the consequences visited upon the party seeking arbitration, when a court grants a stay of arbitration. We observed that the party is denied the "inexpensive and expeditious means by which the parties had agreed to resolve their disputes," and that "the advantages of arbitration—speed and economy—are lost forever." *Id.* But there is a significant difference between refusing to send a case to arbitration in the first place (the concern in *Alascom, Inc.*), and refusing to confirm an arbitration award that already has been rendered. In the latter case, the parties have not been denied their chosen method of dispute resolution.[3] They have fully arbitrated their dispute and the case is back in the district court. Postponing an appeal until after a trial in the district court certainly will cause some expense and delay, but these costs should be compared to the expense and delay that could result if we allowed appeal at this point in such cases. *Cf. Shearson Loeb Rhoades, Inc. v. Much,* 754 F.2d 773, 778 (7th Cir.1985) (district court's remand to arbitrator to calculate damages would impose shorter delay on parties than would allowing immediate appeal).

In short, we find no irreparable injury here. Borad had the arbitration he sought. He may prevail in the district court. If not, he can still present the arbitrability issue on appeal from the district court's final judgment. This result neither frustrates the arbitration process nor intrudes impermissibly into it. It also respects the long-standing federal policy against piecemeal appeals. *Catlin v. United States,* 324 U.S. 229, 233–34, 65 S.Ct. 631, 633–34, 89 L.Ed. 911 (1945); *Newton v. National Broadcasting Co.,* 726 F.2d 591, 592 (9th Cir.1984) (per curiam).

Similarly, the district court's order refusing to confirm and vacating Borad's award cannot be "effectively challenged" only by interlocutory appeal. In *Carson,*

---

2. Section 9 of the Act authorizes application to the appropriate district court for an order confirming an arbitration award. 9 U.S.C. § 9. Section 10 permits the district court to vacate an award upon the application of either party where, *inter alia,* "the arbitrators exceeded their powers...." 9 U.S.C. § 10.

3. Of course, the parties here dispute whether arbitration was, in fact, the method chosen by the parties.

the Court noted that if the order refusing to enter the parties' consent decree were not immediately appealable, a party "might be legally justified in withdrawing its consent to the agreement once trial is held and final judgment entered...." *Id.* 450 U.S. at 87, 101 S.Ct. at 998. By contrast, the present order can be effectively challenged on appeal from final judgment. Should this court find, at that time, that the district court erred in refusing to confirm and vacating the arbitration award, the matter can be readily remanded with instructions to reinstate the award. Unlike the consent decree at stake in *Carson*, Borad's arbitration award is not dependent upon Sentry's acquiescence.

Because we find that the district court's order fails to fall within the narrow exception set forth in 28 U.S.C. § 1292(a)(1), defendant's appeal is

DISMISSED.[4]

---

4. Our disposition makes it unnecessary to reach the substantive issues pressed by appellant.