788 F.2d 220
 54 USLW 2537
 Donald F. TAYLOR, Appellee,
v.
Willie NELSON, t/a Willie Nelson & Family, Appellant,
and
Johnny Paycheck, t/a Johnny Paycheck & The West Texas Music
Co.; Buddy Lee Attractions, Inc., a Tennessee
Corporation; Joe Harris, Defendants. (Two Cases)
 Nos. 85-1948, 85-1992.
 United States Court of Appeals,
Fourth Circuit.
 Argued Jan. 6, 1986.
Decided April 11, 1986.
 
 Jay Goldberg (Michael G. Berger, Jay Goldberg P.C., New York City, Carroll D. Rea, Dudley F. Woody, Woods, Rogers & Hazelgrove, Roanoke, Va., on brief), for appellants.
 Martin E. Silfen (Silfen & Glasser, P.C., New York City, Charles L. Williams, Linda Davis Frith, Gentry, Locke, Rakes & Moore, Roanoke, Va., on brief), for appellee.
 Before PHILLIPS and MURNAGHAN, Circuit Judges, and WILLIAMS, United States District Judge for the Eastern District of Virginia, sitting by designation.
 JAMES DICKSON PHILLIPS, Circuit Judge:
 
 
 1
 Defendant Willie Nelson appeals from an order denying his motion for a stay pending arbitration and from an order vacating on the ground of evident partiality an arbitration award in favor of Nelson against plaintiff Taylor, 615 F.Supp. 533. We hold that this court has jurisdiction to consider Nelson's appeals, and that the motion by Taylor to vacate the arbitration award was not filed within the three-month limit prescribed by the Federal Arbitration Act. We vacate the order of the district court vacating the arbitration award, and remand for entry of an order granting Nelson's motion to confirm the arbitration award.
 
 
 2
 * In 1980, Nelson, a professional musician, contracted with Taylor, a promoter, to perform at a music festival sponsored by Taylor. Their agreements were embodied in written form contracts of the American Federation of Musicians (AFM), the national musicians' union. The contract provided that all claims, disputes, controversies, or differences involving the musical services arising out of or connected with the contract and attendant engagement would be settled by the rules and constitution of the AFM, which in turn provided for a system of commercial arbitration administered by the AFM. The contract further provided that this method of resolution "shall be conclusive, final and binding...."
 
 
 3
 Nelson failed to appear at the music festival, with predictable consequences. Shortly thereafter, Taylor filed a diversity action against Nelson in the Western District of Virginia, alleging various claims, including breach of contract, tortious interference with contract, conspiracy to tortiously interfere, libel and conspiracy to libel. Nelson filed a timely motion for a stay of proceedings pending arbitration, but the district court denied this motion. On an interlocutory appeal, this court vacated the order denying the stay and remanded with directions to grant the stay pending arbitration.
 
 
 4
 An arbitration proceeding was conducted in 1984, and an arbitration award was issued in favor of Nelson on September 11, 1984. On September 21, Nelson petitioned in a New York state court for confirmation of the arbitration award. Although the award had been rendered in New York by the executive board of the AFM, Taylor opposed the state court motion on the grounds that the earlier action stayed in favor of the arbitration was still pending in the Virginia federal court. The New York court agreed that it should not hear Nelson's petition to confirm, and on February 1, granted Taylor's cross-motion to dismiss.
 
 
 5
 On February 2, 1985, Taylor moved in the district court to vacate the arbitration award. Nelson filed a motion to confirm the award and to dismiss the underlying civil action on April 10, 1985. In an order dated August 19, 1985 (the August 19 order), the district court vacated the arbitration award on the ground of evident partiality, and rejected Nelson's claim that the motion to vacate had not been timely filed within the three-month limitation period set out in the Federal Arbitration Act, 9 U.S.C. Sec. 12 (1982). The August 19 order also denied Nelson's motion to confirm the arbitration award.
 
 
 6
 The district court then denied Nelson's motion to certify the August 19 order for interlocutory appeal, and Nelson noticed an appeal from the order on September 6. After the district court refused a subsequent motion requesting a stay of the district court proceedings pending appeal, Nelson moved on September 13 for the appointment of a new arbitrator and a stay of the district court proceedings pending a new arbitration. By an order dated September 13 (the September 13 order) the district court denied this motion. Nelson then noticed an appeal from the September 13 order. Nelson's appeals were consolidated, and this court granted his motions to stay the district court proceedings pending appeal.
 
 II
 
 7
 Taylor contends that neither the August 19 nor the September 13 orders are appealable, and that this court is without jurisdiction to consider Nelson's claims. We address separately our jurisdiction over the appeals from each order.
 
 
 8
 * Following the vacation of the arbitration award, Nelson sought to have a new arbitration ordered and a substitute arbitrator appointed. The September 13 order denied the request for a second arbitration, and refused Nelson's motion for a stay pending arbitration.
 
 
 9
 The parties do not dispute the general rule that an order denying a stay pending arbitration is immediately appealable as an interlocutory order equivalent to an order denying an injunction. See 28 U.S.C. Sec. 1292(a)(1) (1982). See generally Federal Civil Appellate Jurisdiction: An Interlocutory Restatement, Law & Contemp. Probs., Spring 1984, Sec. 18(C) comment c, at 131-34. Taylor contends that this order refusing a stay is non-appealable, however, and bases this jurisdictional argument upon an assumption that Nelson is not entitled to a second arbitration and that to appoint a new arbitrator would unjustly delay the proceedings below.
 
 
 10
 If a contractual right to arbitration exists, Nelson's argument that the proper forum after the vacatur is a new arbitration is not patently without merit. Indeed, new arbitrations have been ordered by other courts following the vacatur of a prior arbitration award, see, e.g., Graham v. Scissor-Tail, Inc., 28 Cal.3d 807, 171 Cal.Rptr. 604, 623 P.2d 165, 180 (1981), and the strong federal policy favoring arbitration, as embodied in the Federal Arbitration Act, 9 U.S.C. Secs. 1-14 (1982), counsels such a result. Thus, just as an appellate court has jurisdiction on an interlocutory appeal to interpret a contract to determine the existence and scope of an agreement to arbitrate, this court has jurisdiction to determine whether there is a further duty to arbitrate once an initial arbitration award is vacated. Because there is no reason to depart from the rule conferring appellate jurisdiction over orders denying stays pending arbitration, we have jurisdiction under Sec. 1292(a)(1) to consider whether Nelson has a right to a second arbitration.B
 
 
 11
 Taylor also urges that a vacatur is not a final order, and is not within the finality exceptions of 28 U.S.C. Sec. 1292, so that we have no jurisdiction over Nelson's appeal from the August 19 order. We agree that an appeal from the order vacating the arbitration award is not within Sec. 1292(a)(1). See Sentry Life Insurance Co. v. Borad, 759 F.2d 695 (9th Cir.1985). In Sentry, the appellant attempted to liken an appeal from a vacatur to an appeal from an order denying a stay pending arbitration. The Ninth Circuit concluded that the two types of appeals could be distinguished because a vacatur does not deny the parties a chosen forum (there already has been an arbitration). Once a final judgment is entered in the district court, an appellate court will have before it an arbitration award that it can order enforced if the district court has interfered improperly with the right to arbitration. In an appeal from a vacatur, then, there is not the same element of irreparable harm that exists when arbitration is denied ab initio, or when an injunction is denied. Sentry, 759 F.2d at 697-98.
 
 
 12
 Nelson observes, however, that a vacatur presents circumstances very similar to those in which the collateral order rule of Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), is applied. The Cohen rule permits interlocutory appeal of an order under 28 U.S.C. Sec. 1291 (1982) if the appealed order conclusively determines the question in the trial court, resolves an important question independent of the subject matter of the litigation, is effectively unreviewable on appeal from a final judgment or so important that review should not wait upon final judgment, and presents a serious and unsettled question on appeal. Bever v. Gilbertson, 724 F.2d 1083, 1085 (4th Cir.1984).
 
 
 13
 An order vacating an arbitration award rendered in a forum for which the parties contracted satisfies the first two requirements of our Bever statement of the Cohen rule, in that the order conclusively determines an important collateral question. Nelson's appeal also presents serious and unsettled questions regarding the scope of inquiry into evident partiality in an arbitration, and of whether the three-month limitation for motions to vacate arbitration awards should be strictly applied. Our jurisdictional inquiry thus devolves to whether a vacatur is effectively unreviewable after final judgment. "[T]he collateral order exception has been confined to situations in which the claimed right would be lost or deprived of its practical value if immediate review is not provided." Bever, 724 F.2d at 1087.
 
 
 14
 Nelson analogizes the vacatur to orders denying claims of absolute immunity or rights to proceed in an administrative forum. In such cases, we have held that the Cohen rule applies because the right sought to be protected is the privilege to be free from proceeding in the judicial forum. See England v. Rockefeller, 739 F.2d 140 (4th Cir.1984); Donovan v. United Steelworkers, 722 F.2d 1158 (4th Cir.1983). Although it might be possible to distinguish Nelson's right to arbitration from the policies underlying those decisions, we decline to engage in such line-drawing. The basis for the final order doctrine is the avoidance of piecemeal appeals. Because we have jurisdiction to review the district court's September 13 order denying a stay and refusing the appointment of a second arbitrator, our refusal to consider Nelson's appeal from the August 19 vacatur would force us to assume the validity of that earlier order if we were to conclude that we should remand for a second arbitration. Following the arbitration, however, Nelson could then appeal the original vacatur. If the August 19 order vacating the first arbitration award was improper, our decision with regard to the separate September 13 order would have forced an unnecessary arbitration. If we now have jurisdiction to hear the appeal from the vacatur, however, we are able to preserve Nelson's contractual rights to arbitration and to be free from further proceedings, rights whose loss would be effectively unreviewable if our decision were delayed. The district court's vacatur therefore can properly be appealed under the Cohen doctrine.[1]
 
 III
 
 15
 The Federal Arbitration Act requires that motions to vacate be served on the opposing party within three months after the award is filed or delivered. 9 U.S.C. Sec. 12. The award in this case was filed on September 11, 1984, and the motion to vacate made on February 12, 1985, more than five months later. The district court refused to find Taylor's motion untimely, however, holding that the pendency of the New York confirmation proceeding tolled the three-month limitation and that Taylor acted with due diligence in making the motion to vacate. Due diligence and tolling exceptions do not appear on the face of Sec. 12, however, and the district court's vacatur may be affirmed only if there exist implied exceptions or if Taylor should be permitted to raise his arguments in favor of the vacatur in opposition to Nelson's motion to confirm.
 
 
 16
 We adopt the rule embraced by the Second Circuit in Florasynth, Inc. v. Pickholz, 750 F.2d 171 (2d Cir.1984), where that court held that once the three-month period has expired, an attempt to vacate an arbitration award could not be made even in opposition to a later motion to confirm. 750 F.2d at 174-75. A confirmation proceeding under 9 U.S.C. Sec. 9 is intended to be summary: confirmation can only be denied if an award has been corrected, vacated, or modified in accordance with the Federal Arbitration Act. Under the Act, vacation of an award is obtainable by serving a motion to vacate within three months of the rendering of the award. 9 U.S.C. Sec. 12. Because Nelson did not move for confirmation until April 10, 1985,[2] almost seven months after the award was filed, Taylor would be prevented from seeking a vacatur of the award unless there was pending in the district court a timely-filed motion to vacate or unless a tolling or due diligence exception operated to excuse his failure to make a timely motion.
 
 
 17
 We also conclude, however, that the district court erred in holding that Taylor's failure to make a motion to vacate within three months of the filing of the award was excused by due diligence or tolling. The existence of any such exceptions to Sec. 12 is questionable, for they are not implicit in the language of the statute, and cannot be described as common-law exceptions because there was no common-law analogue to enforcement of an arbitration award. See Florasynth, 750 F.2d at 174-77 (three-month limit is absolute); Piccolo v. Dain, Kalman & Quail, Inc., 641 F.2d 598, 601 (8th Cir.1981) (due diligence exception questionable, but due diligence did not appear on facts of this case).
 
 
 18
 We do not consider, however, whether due diligence or tolling rules are proper exceptions to the limitations period prescribed by the Federal Arbitration Act, for we conclude that Taylor did not, in any event, act with due diligence, and was not prevented by the pendency of the New York proceeding from making a timely motion to vacate in the district court. Nelson represented before this court that confirmation was pursued in New York because the contract between the parties made New York, as the place where the award was made, a permissible forum for confirmation. Nevertheless, the state court chose to defer to the prior jurisdiction of the federal district court in Virginia. During the pendency of the New York proceeding, however, nothing prevented Taylor from making a timely motion in the district court. Instead, Taylor awaited the state court's jurisdictional ruling, a choice that caused him to wait longer than three months before he made a motion to vacate, and a decision that has proven fatal to his attempt to overturn the arbitration award. Taylor remained free at all times to pursue the statutory remedy of Sec. 12 within the time limits set out by that statute, and he is not entitled to the benefit of any due diligence or tolling exceptions to the three-month rule, even if such exceptions exist.
 
 IV
 
 19
 We vacate the order of the district court vacating the arbitration award and denying Nelson's motion for confirmation of the award, and because there is no pending application of a party that could support the vacation, modification, or correction of the award under 9 U.S.C. Secs. 9, 10, or 11, we remand for entry of an order granting Nelson's motion to confirm.
 
 
 20
 VACATED AND REMANDED.
 
 
 
 [1]
 Taylor argues that the issue whether a vacatur is appealable under the Cohen doctrine was reached and rejected by the Ninth Circuit in Sentry. A careful reading of Sentry, however, reveals that the court considered only the appealability of a vacatur under Sec. 1292, and did not discuss Cohen or possible appealability under Sec. 1291
 
 
 [2]
 Under the Act, a party seeking confirmation of an award may petition for confirmation within one year of the date the award is made. 9 U.S.C. Sec. 9 (1982). We note that if a party opposing confirmation were always permitted to seek a vacatur in opposition to a petition to confirm, the three-month limit would have little practical effect