Betty SOLOMON, Plaintiff,

v.

DUKE UNIVERSITY, Defendant.

Civ. No. 1:93CV00240.

United States District Court,
M.D. North Carolina,
Durham Division.

Dec. 10, 1993.

Grainger Raymond Barrett, Chapel Hill, NC, for plaintiff.

John M. Simpson, Fulbright & Jaworski, Washington, DC, for defendant.

## MEMORANDUM OPINION

BULLOCK, Chief Judge.

This case comes before the court on Defendant Duke University's motion pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* (1988), to confirm the arbitration award entered between it and Plaintiff Betty Solomon and to dismiss the remaining two counts of Plaintiff's complaint, in which she alleges a violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 (1983) (ADA), and infliction of emotional distress.

## BACKGROUND

In May 1992, Defendant informed Plaintiff that she would be terminated for charging 100 personal telephone calls to the University in violation of Employee Rule 15. Plaintiff alleges that a disability caused memory lapses such that she does not remember placing most of the calls. Plaintiff asked for medical leave, which was denied. Plaintiff filed a grievance pursuant to the University's internal grievance and arbitration procedures on May 21, 1992, and the parties submitted the matter to arbitration on November 11, 1992. The outside arbitrator ruled that Plaintiff had been terminated for cause. *See Duke Univ. v. Solomon,* File No. 9201110 (Nov. 24, 1992) (Schrom, Arb.). The University's grievance procedure provides that any decision is final and binding on both the University and the employee as to all claims which were or could have been raised. *Duke University Non-exempt Employee Grievance Procedure,* Impartial Arbitration D (revised

October 1, 1990). Plaintiff did not challenge the arbitrator's decision.

## DISCUSSION

■ The Federal Arbitration Act provides that any motion to vacate or modify an arbitration award must be made within three (3) months. 9 U.S.C. § 12. Plaintiff, in her complaint, alleges various grounds for challenging the award; however, her failure to timely bring those challenges precludes her from bringing them in opposition to Defendant's motion to confirm. *See Taylor v. Nelson,* 788 F.2d 220, 225 (4th Cir.1986). The court will therefore grant Defendant's motion to confirm the arbitration decision. *See id.* ("A confirmation proceeding ... is intended to be summary.").

■ Plaintiff voluntarily submitted her grievance to arbitration, which her employment contract provides is final and binding on both her and the University. She is, therefore, precluded from litigating claims based on facts adjudicated in the arbitration proceeding. *See Rainwater v. National Home Ins. Co.,* 944 F.2d 190 (4th Cir.1991); *Central Transp., Inc. v. Four Phase Systems, Inc.,* 936 F.2d 256 (6th Cir.1991); *Davis v. Chevy Chase Fin. Ltd.,* 667 F.2d 160, 172 (D.C.Cir.1981). The arbitrator's decision that Plaintiff was terminated for cause prevents Plaintiff from alleging that her employment was terminated in violation of statutory or common law.

■ Even if Plaintiff were not precluded from bringing a claim for intentional or negligent infliction of emotional distress, she has failed to state a claim under either theory. She has not alleged conduct which was "extreme and outrageous." *See Hogan v. Forsyth Country Club Co.,* 79 N.C.App. 483, 494, 340 S.E.2d 116, 123, *cert. denied,* 317 N.C. 334, 346 S.E.2d 140 (1986) (denial of medical leave to pregnant employee experiencing labor pains not extreme and outrageous). She has also not alleged a violation of any duty owed to her by Defendant. *See Johnson v. Ruark Obstetrics & Gynecology Assocs.,* 327 N.C. 283, 395 S.E.2d 85 (1990).

■ Plaintiff's claim that the arbitrator had no authority to decide her ADA claim is without merit. *See Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991). Even if the arbitrator did not have authority to decide the ADA claim, that claim must still be dismissed. Plaintiff was terminated in May 1992; the ADA did not become effective until July 26, 1992. *See* 42 U.S.C.A. §§ 12101–12117 (Supp.1993).

## CONCLUSION

Defendant's motion to confirm the arbitration award will be granted, and Plaintiff's complaint will be dismissed. Defendant's motion for summary judgment will therefore be dismissed as moot.