**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-1302**

———————

INTERNATIONAL RELIEF AND DEVELOPMENT, INC.,

Petitioner - Appellee,

v.

GODFREY EMMANUEL LADU,

Respondent - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Anthony J. Trenga, District Judge. (1:11-cv-00936-AJT-IDD)

———————

Submitted: June 11, 2012          Decided: June 14, 2012

———————

Before WILKINSON and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Godfrey Emmanuel Ladu, Appellant Pro Se. George Everitt Kostel, NELSON MULLINS RILEY & SCARBOROUGH, LLP, Washington, D.C., for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Godfrey Emmanuel Ladu ("Ladu") appeals the district court's order adopting the magistrate judge's recommendation to grant the motion of International Relief and Development, Inc. ("IRD") to confirm the arbitration award entered in its favor against Ladu. We have reviewed the record and affirm.

A district court's legal rulings on a motion to vacate or confirm an arbitration award under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9 (2006), are reviewed de novo, while "[a]ny factual findings made by the district court in affirming such an award are reviewed for clear error." Wachovia Securities, LLC v. Brand, 671 F.3d 472, 478 (4th Cir. 2012); Peoples Sec. Life Ins. Co. v. Monumental Life Ins. Co., 991 F.2d 141, 145 (4th Cir. 1993). Under the clear error standard of review, we will reverse only if we are "left with the definite and firm conviction that a mistake has been committed." United States v. Chandia, 675 F.3d 329, 337 (4th Cir. 2012).

Under the FAA, notice of a motion to vacate or modify an arbitration award must be served upon the adverse party "within three months after the award is filed or delivered." 9 U.S.C. § 12 (2006). In this case, the district court made a factual finding that the award was served on Ladu on July 21, 2011. Ladu therefore had until October 21, 2011, to file a

2

motion to vacate the award. Nevertheless, he did not file anything in the district court until almost a month later, on November 14.

While Ladu protests that he did not receive actual notice of the award on July 21, there is nothing in the record to suggest "definite[ly]" or "firm[ly]" that the district court's factual conclusions to the contrary are mistaken. Chandia, 675 F.3d at 337. Consequently, we can only conclude that the district court did not commit clear error in determining that Ladu did not file a motion to vacate the arbitration award until more than three months after receiving notice of it. Nor, even assuming that the FAA's three-month filing deadline is subject to equitable tolling, do we find that Ladu merits equitable tolling on the facts of his case, particularly given both the district court's finding that he possessed actual knowledge of the arbitration award on the very day that it was entered and Ladu's failure to move to vacate the award in the more than five weeks that he had available to timely do so even under his version of the date he received notice of the adverse arbitration decision. See Choice Hotels Int'l, Inc. v. Shiv Hospitality, L.L.C., 491 F.3d 171, 177 & n.6 (4th Cir. 2007); Taylor v. Nelson, 788 F.2d 220, 225 (4th Cir. 1986).

3

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED