# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Dan Salamie, an individual,**
**Plaintiff Below, Petitioner**

**FILED**

**June 24, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs)  No. 12-0634** (Kanawha County 11-C-2095)

**TD Ameritrade, Inc., a**
**New York corporation,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Dan Salamie, by counsel Dana F. Eddy, appeals the Circuit Court of Kanawha County's order, entered April 12, 2012, granting Respondent TD Ameritrade, Inc.'s motion to dismiss an action seeking vacatur of an arbitration award. Respondent appears by counsel Mychal S. Schulz and Jennifer J. Hicks.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner filed a complaint in the Circuit Court of Kanawha County on November 23, 2011, seeking vacatur of an arbitration award made by the Financial Industry Regulatory Authority's ("FINRA") Division of Dispute Resolution on January 11, 2011. The sole defendant was TD Ameritrade. Petitioner did not serve respondent with the circuit court complaint until December 30, 2011.

Petitioner's claims at arbitration were based in the asserted loss of $835,000 on October 10, 2010, through his investments with respondent. Petitioner claimed that he gave Bruce Conrad, a financial advisor with respondent, explicit instructions about his investment portfolio during a telephone conversation three years earlier, and that Mr. Conrad acted contrary to those instructions. Petitioner further claimed that Mr. Conrad did not have an errors and omissions policy of insurance, though respondent required its financial advisors to have such a policy, and that respondent failed to ensure that Mr. Conrad had a policy.

On June 22, 2010, after concluding the first hearing session, the arbitration panel granted respondent's motion to dismiss for reasons unspecified in the record on appeal, but Mr. Conrad remained a party to that arbitration. While the arbitration proceedings were ongoing, petitioner filed a complaint in the United States District Court for the Southern District of West Virginia

1

seeking to vacate the arbitration panel's dismissal of TD Ameritrade from the arbitration proceedings. Soon thereafter, on January 11, 2011, the arbitration panel filed its final award. The district court later granted, on August 19, 2011, motions to dismiss by TD Ameritrade and FINRA, motions to which petitioner had not responded. The federal district court noted that the arbitration panel had not entered a final award and it therefore lacked authority to consider the plaintiff's claims under the Federal Arbitration Act.

By order entered April 12, 2012, the Circuit Court of Kanawha County granted respondent's motion to dismiss the complaint that petitioner filed on November 23, 2011, because the complaint was not timely served. Petitioner filed his notice of appeal with this Court on May 11, 2012. He argues, first, that the time for his filing of a complaint to vacate the arbitration award was tolled by the pendency of his action in federal district court. Petitioner next argues that he acted with due diligence, substantially complied with the Federal Arbitration Act, and that respondent was not prejudiced by his delayed filing. This Court has previously held that we consider a circuit court's order granting a motion to dismiss under a *de novo* standard of review. Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac–Buick, Inc.*, 194 W.Va. 770, 461 S.E.2d 516 (1995).

Under the Federal Arbitration Act, notice of a motion to vacate or modify an arbitration award must be served upon the adverse party "within three months after the award is filed or delivered." 9 U.S.C. § 12. In this case, the award was filed on January 11, 2011. Petitioner therefore had until April 11, 2011, to file and serve his motion to vacate the award. However, he did not file his complaint until November 23, 2011, and did not serve that complaint on respondent until December 30, 2011.

The United States Fourth Circuit Court of Appeals has explained the effect of the three-month period for filing:

> We adopt the rule embraced by the Second Circuit in *Florasynth, Inc. v. Pickholz,* 750 F.2d 171 (2d Cir.1984), where that court held that once the three-month period has expired, an attempt to vacate an arbitration award could not be made even in opposition to a later motion to confirm. 750 F.2d at 174–75. A confirmation proceeding under 9 U.S.C. § 9 is intended to be summary: confirmation can only be denied if an award has been corrected, vacated, or modified in accordance with the Federal Arbitration Act. Under the Act, vacation of an award is obtainable by serving a motion to vacate within three months of the rendering of the award. 9 U.S.C. § 12. Because [appellant] did not move for confirmation until April 10, 1985, almost seven months after the award was filed, [appellee] would be prevented from seeking a vacatur of the award unless there was pending in the district court a timely-filed motion to vacate or unless a tolling or due diligence exception operated to excuse his failure to make a timely motion.

> We also conclude, however, that the district court erred in holding that [appellant's] failure to make a motion to vacate within three months of the filing of the award was excused by due diligence or tolling. The existence of any such exceptions to § 12 is questionable, for they are not implicit in the language of the

2

statute, and cannot be described as common-law exceptions because there was no common-law analogue to enforcement of an arbitration award. *See Florasynth*, 750 F.2d at 174–77 (three-month limit is absolute); *Piccolo v. Dain, Kalman & Quail, Inc.,* 641 F.2d 598, 601 (8th Cir.1981) (due diligence exception questionable, but due diligence did not appear on facts of this case).

*Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir. 1986) (footnote omitted). In footnote two of *Taylor*, the court explained that "[u]nder the Act, a party seeking confirmation of an award may petition for confirmation within one year of the date the award is made. 9 U.S.C. § 9 (1982). We note that if a party opposing confirmation were always permitted to seek a vacatur in opposition to a petition to confirm, the three-month limit would have little practical effect." *Id.* at 225 n. 2.

We need not consider whether pendency of the related federal action tolled the time for the filing of the motion to vacate the arbitration award, because even if it did, the petitioner did not serve his complaint on respondent until December 30, 2011, more than four months after the federal district court's dismissal of its action. In addition, petitioner failed to respond to the motions to dismiss in the federal action, did not file the final arbitration award with the federal court when the final award was entered, and did not otherwise bring the final award to the attention of the federal court. Thus, we do not find that petitioner "substantially complied" with the Federal Arbitration Act. The requirements of 9 U.S.C. § 12 are mandatory and unambiguous, and as in *Taylor*, due diligence did not appear in the facts of this case, and petitioner was not prevented by the pendency of any other action from seeking vacatur. The circuit court therefore did not err in dismissing petitioner's complaint.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 24, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3