# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Dan Salamie,**
**Plaintiff Below, Petitioner**

**FILED**

June 24, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 12-0969** (Kanawha County 11-C-587)

**Bruce P. Conrad,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Dan Salamie, by counsel Dana F. Eddy, appeals the order of the Circuit Court of Kanawha County, entered July 9, 2012, granting respondent's cross-motion for summary judgment on the ground that petitioner's complaint seeking vacatur of an arbitration award made on January 11, 2011, was not timely served on respondent. Petitioner filed his complaint in the Circuit Court of Kanawha County on April 11, 2011, and the complaint was served on April 15, 2011. Respondent Bruce Conrad appears by counsel William V. DePaulo.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Respondent is a registered investment advisor who is the sole proprietor and employee of Diversified Investment Strategies. The complaint asserts that respondent is "associated" with TD Ameritrade, Inc. Petitioner had an account agreement with TD Ameritrade's predecessor company, TD Waterhouse, which contained an "agreement to arbitrate controversies[.]" Pursuant to that agreement, petitioner filed a statement of claim with the Financial Industry Regulatory Authority ("FINRA") in June of 2009. Petitioner's claims were based on the asserted loss of $835,000 in October of 2010, through his investments with TD Ameritrade. Petitioner claimed that he gave respondent explicit instructions about his investment portfolio during a telephone conversation three years earlier, and that respondent acted contrary to the instructions.

On June 22, 2010, after concluding its first hearing session, the FINRA arbitration panel granted TD Ameritrade's motion to dismiss for reasons unspecified in the record on appeal, but respondent remained a party to that arbitration.[1] Soon thereafter, on January 11, 2011, the

---

[1]While the arbitration proceedings were ongoing, petitioner filed a complaint in the United States District Court for the Southern District of West Virginia seeking to vacate the arbitration panel's dismissal of TD Ameritrade from the arbitration proceedings. The federal

1

arbitration panel made its final award, and petitioner initiated separate actions in the Circuit Court of Kanawha County attacking the arbitration award: This action, filed on April 11, 2011, and a later action naming TD Ameritrade as the defendant, filed on November 23, 2011.

Petitioner filed a motion for summary judgment on March 14, 2012. Respondent filed a motion for summary judgment on February 16, 2012, and a cross-motion for summary judgment on April 4, 2012. The question of timeliness of service was first raised in respondent's cross-motion. The circuit court granted the respondent's April 4th cross-motion by order entered July 9, 2012, on the ground that the application to vacate the arbitration award was served on respondent four days late. In doing so, the circuit court treated the cross-motion as a motion to amend respondent's answer to assert a statute of limitations defense, a right which he had reserved when he filed his answer.

Petitioner filed his notice of appeal on August 8, 2012. He asserts three assignments of error. First, petitioner argues that the arbitration panel improperly proceeded to hear the claims against respondent after TD Ameritrade was dismissed from the arbitration, because respondent was not a party to the agreement to arbitrate. Second, he argues that respondent waived the defense that his claims were barred by the statute of limitations because he first raised the defense in a responsive pleading on the merits more than a year after filing his answer. Third, he argues that he substantially complied with the Federal Arbitration Act.

We review a summary judgment order under a *de novo* standard of review. Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). "A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syl. Pt. 2, *Id.* (citation omitted).

The agreement to arbitrate provided, in part:

> I agree that *any controversy relating to any of my accounts* or any agreement that I have with you will be submitted to arbitration conducted only under the provisions of the Constitution and Rules of the New York Stock Exchange, Inc. or pursuant to the code of the Arbitration of the National Association of Securities Dealers, Inc. Arbitration must be initiated by service upon the other party of a written demand for arbitration or notice of intention to arbitrate. Judgment, upon any award rendered by the arbitrator, may be enforced in any court having jurisdiction. . . .

(Emphasis supplied.) Petitioner acknowledged in his complaint that respondent is an investment advisor associated with TD Ameritrade. Petitioner's claims against respondent arose from the management of the accounts described in the agreement. Under the facts presented, it was not

---

district court judge later granted, on August 19, 2011, motions to dismiss by TD Ameritrade and FINRA, motions to which petitioner had not responded. The federal district court noted that the arbitration panel had not entered a final award and it therefore lacked authority to consider the plaintiff's claims under the Federal Arbitration Act.

improper for the arbitration to proceed against respondent even after the dismissal of TD Ameritrade.

We turn then to petitioner's argument that respondent waived the statute of limitations defense. Under the Federal Arbitration Act, "notice of a motion to vacate, modify, or correct an award *must* be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12 (emphasis supplied). In this case, the award was filed on January 11, 2011. Petitioner therefore had until April 11, 2011, to file and serve his motion to vacate the award. However, he did not serve that complaint on respondent until April 15, 2011.

The United States Fourth Circuit Court of Appeals has explained that the service requirement of Section 12 is "mandatory[.]" *Sverdup Corp. v. WHC Constructors, Inc.*, 989 F.2d 148, 151 (4th Cir. 1993). It has also explained the effect of the three-month period for filing:

> We adopt the rule embraced by the Second Circuit in *Florasynth, Inc. v. Pickholz,* 750 F.2d 171 (2d Cir.1984), where that court held that once the three-month period has expired, an attempt to vacate an arbitration award could not be made even in opposition to a later motion to confirm. 750 F.2d at 174–75. A confirmation proceeding under 9 U.S.C. § 9 is intended to be summary: confirmation can only be denied if an award has been corrected, vacated, or modified in accordance with the Federal Arbitration Act. Under the Act, vacation of an award is obtainable by serving a motion to vacate within three months of the rendering of the award. 9 U.S.C. § 12. Because [appellant] did not move for confirmation until April 10, 1985, almost seven months after the award was filed, [appellee] would be prevented from seeking a vacatur of the award unless there was pending in the district court a timely-filed motion to vacate or unless a tolling or due diligence exception operated to excuse his failure to make a timely motion.

> We also conclude, however, that the district court erred in holding that [appellant's] failure to make a motion to vacate within three months of the filing of the award was excused by due diligence or tolling. The existence of any such exceptions to § 12 is questionable, for they are not implicit in the language of the statute, and cannot be described as common-law exceptions because there was no common-law analogue to enforcement of an arbitration award. *See Florasynth*, 750 F.2d at 174–77 (three-month limit is absolute); *Piccolo v. Dain, Kalman & Quail, Inc.,* 641 F.2d 598, 601 (8th Cir.1981) (due diligence exception questionable, but due diligence did not appear on facts of this case).

*Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir. 1986) (footnote omitted). In footnote two of *Taylor*, the federal circuit court explained that "[u]nder the Act, a party seeking confirmation of an award may petition for confirmation within one year of the date the award is made. 9 U.S.C. § 9 (1982). We note that if a party opposing confirmation were always permitted to seek a vacatur in opposition to a petition to confirm, the three-month limit would have little practical effect." *Id.* at 225 n. 2.

In light of the clear construction by the Fourth Circuit Court of Appeals that an attempt at

vacatur "could not be made" after the expiration of the three-month period, *Taylor*, 788 F.2d at 225, and inasmuch as respondent preserved in his answer the right to raise a statute of limitations defense, we find that the circuit court did not err in determining that the untimely service barred petitioner's claims. Because this requirement is mandatory, respondent did not substantially comply with the Federal Arbitration Act.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 24, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4