**POPULAR SECURITIES, INC., et al., Petitioners,**

v.

**Jose F. COLÓN; Ida Rodríguez, Respondents.**

**Civil Case No. 12–2011 (PAD).**

United States District Court, D. Puerto Rico.

Signed May 21, 2014.

Giselle Lopez–Soler, Guaynabo, PR, Heidi L. Rodriguez–Benitez, Sara L. Ve-lez–Santiago, Pietrantoni Mendez & Alvarez, San Juan, PR, for Petitioners.

Jose F. Colon, Barceloneta, PR, pro se.

Ida Rodriguez, Barceloneta, PR, pro se.

**OPINION AND ORDER**

PEDRO A. DELGADO HERNANDEZ, District Judge.

This is an action by Popular Securities, Inc., Alberto Castañer; Kyrsis Marrero, and Jorge Rodríguez (hereinafter also referred to as "petitioners"), to confirm an arbitration award under the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* ("FAA").

Pending before the Court are petitioners' "Motion for Summary Judgment and Memorandum of Law in Support Thereof" (Docket No. 14), and "Motion for Request for Summary Judgment to be Deemed Unopposed" (Docket No. 18). For the reasons that follow, the motions are GRANTED, and the award is confirmed.

## I. BACKGROUND

On May 12, 2010, Jose Colón and Ida Rodríguez filed a claim against Popular Securities, Castañer, Marrero, and Rodríguez with the Financial Industry Regulatory Authority, seeking compensation for alleged violations of federal and state securities laws and/or regulations. *See* Docket No. 1. The parties agreed to submit, and subsequently submitted the matter to arbitration.

On June 8, 2012, the arbitrator: (1) entered an award dismissing the entirety of Colón's and Rodríguez' claims; (2) granted attorneys' fees against them; and (3) recommended that subject to confirmation by a court with competent jurisdiction, reference to the arbitration proceeding be expunged from the central registration depository ("CRD") records of Castañer,

Marrero, and Rodríguez. *See* Docket No. 1–1, at pp. 3–4.

On December 12, 2012, petitioners initiated the present action requesting confirmation of the award and as recommended therein, for a judgment directing the CRD to expunge from the corresponding registration records any and all reference(s) to the arbitration proceeding. *See* Docket No. 1, at p. 5. On February 28, 2013, Colón and Rodríguez opposed plaintiffs' petition, essentially asserting that the arbitrator's decision "was totally unfair and unjust," and that their "allegations, which were properly supported, were not taken into consideration ..." Docket No. 6 at p. 2.

On March 25, 2013, petitioners replied to defendants' opposition (Docket No. 10), and on September 27, 2013, moved for a summary judgment confirming the arbitration award and to have the registration records expunged (Docket No. 14). Petitioners' motion for summary judgment remains unopposed.

## II. *DISCUSSION*

### A.

Fed.R.Civ.P. 56(a) authorizes entry of summary judgment when the record shows no genuine dispute as to material facts, and the moving party is entitled to judgment as a matter of law. A fact is material if its resolution would affect the outcome of the suit under governing law. *Cianbro v. Dean,* 596 F.3d 10, 14 (1st Cir.2010). The issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* Careful review of the documents filed reflects no genuine factual dispute standing in the way of brevis disposition.

### B.

■ The FAA embodies a national policy favoring arbitration; contains a narrow set of statutory grounds to vacate, modify, or correct an award; and supplies enforcement mechanisms for these types of actions. *Hall Street Associates v. Mattel,* 552 U.S. 576, 581–582, 128 S.Ct. 1396, 170 L.Ed.2d 254 (2008). To this end, Section 12 of the FAA provides that motions to vacate an arbitration award must be served within three months after the award is filed or delivered. 9 U.S.C. § 12. Once the three month period for filing a motion to vacate has expired, a subsequent attempt to vacate an arbitration award cannot generally be made even in opposition to a later motion to confirm the award. *Cullen v. Paine, Webber, Jackson & Curtis, Inc.,* 863 F.2d 851, 853–854 (11th Cir.1989). Under such circumstances, the successful party has a right to obtain confirmation of the award in a summary proceeding. *Florasynth Inc. v. Pickholz,* 750 F.2d 171, 175 (2d Cir.1984); *Cullen v. Paine, Webber, Jackson & Curtis, Inc., supra* at 854. Such is the case here.

### C.

■ On June 8, 2012, the arbitrator entered the award. *See* Docket No. 15–6 at pp. 3–4. Colón and Rodríguez had until September 8, 2012, to file a notice of motion to vacate or modify the award. They did not do so until February 28, 2013, when, as part of their answer to the complaint, they formally opposed petitioners' award confirmation request. *See* Docket No. 6. Given Colón's and Rodríguez's uncontroverted failure to timely move to vacate the arbitration award under the FAA, they are precluded from successfully opposing confirmation in a summary proceeding like the one at bar.

■ A confirmation proceeding is intended to be summary. *Taylor v. Nelson,* 788 F.2d 220, 225 (4th Cir.1986). Confirmation can only be denied if an award has been vacated, corrected, or modified in accordance with the FAA. *Hall Street Associates v. Mattel, supra* at 582, 128 S.Ct.

1396; *Taylor v. Nelson, supra.* The role of arbitration as a mechanism for speedy dispute resolution is not served if challenges to the validity of an award are allowed after the statutory period for motions to vacate has elapsed. *Drexel, Burnham, Lambert v. Pyles,* 701 F.Supp. 217, 219 (N.D.Ga.1988); *Taylor v. Nelson, supra.* Since Colón and Rodríguez cannot seek a vacatur of the award, the award must be confirmed.

### III. *CONCLUSION*

In view of the foregoing, petitioners' "Motion for Summary Judgment and Memorandum of Law in Support Thereof" (Docket No. 14) and "Motion for Request for Summary Judgment to be Deemed Unopposed" (Docket No. 18) are **GRANTED.** The arbitration award is confirmed. In accordance therewith, the Central Registration Depository shall expunge the registration records it maintains of Alberto Castañer (CRD No. 1603341), Kyrsis Marrero (CRD No. 2925777), and Jorge Rodríguez (CRD No. 1163742), of all reference to the arbitration proceeding. Judgment shall be entered accordingly.

**IT SO ORDERED.**