[Civ. No. 17482. Third Dist. Jan. 15, 1979.]

JAMES GOMES, Plaintiff and Appellant, v.
ROBERT E. RONEY, Defendant and Respondent.

COUNSEL.

Jack L. Burnam for Plaintiff and Appellant.

Pardee, Henriques & Hill and Allan Henriques for Defendant and Respondent.

OPINION

PUGLIA, P. J.—Plaintiff appeals after denial of his motion for new trial in this action for attorney malpractice. The action was tried by the court. At the conclusion of a two-day trial the court found for defendant. Thereafter, plaintiff discovered that one of the two attorneys who represented defendant at trial was under suspension from the practice of law at the time of trial for nonpayment of fees. With this newly acquired information, appellant moved without success for new trial. ■ The appeal does not attack the underlying defense judgment but only the denial of the new trial motion. Appellant contends that participation as trial counsel by one not licensed to practice law renders any judgment in the action null and void, and thus it was an abuse of discretion to deny a new trial.

We have found no California case on point. In noting the problem, a commentator has pointed out that the weight of authority is that a proceeding participated in by a nonattorney acting as an attorney will be reversed as absolutely void. The reasons for this approach are predicated in public policy designed to preserve the rights of litigants from the mistakes of the ignorant and against injuries caused by the unscrupulous. (See 29 Cal.L.Rev. 237; cf. *City of Downey* v. *Johnson* (1968) 263 Cal.App.2d 775 [69 Cal.Rptr. 830]; *People* ex rel. *Dept. of Public Works* v. *Malone* (1965) 232 Cal.App.2d 531 [42 Cal.Rptr. 888].) This policy is obviously not applicable in cases where the litigant to be protected is the successful one.

We decline to adopt what is represented to us as the weight of authority in this instance. Defendant, the party to be protected, received the benefit of a defense judgment. The ineligibility of one of his attorneys is a collateral matter having nothing to do with the merits of the action between the parties.

The judgment is affirmed.

Paras, J., and Reynoso, J., concurred.