**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 03-2241**

_____

LEE CONSTRUCTION COMPANY OF THE CAROLINAS,
INCORPORATED; ENGLISH CONSTRUCTION COMPANY;
SEABOARD SURETY COMPANY,

 Plaintiffs - Appellants,

 versus

SLOAN CONSTRUCTION COMPANY, INCORPORATED;
COLAS, INCORPORATED; LIBERTY MUTUAL INSURANCE
COMPANY,

 Defendants - Appellees.

_____

Appeal from the United States District Court for the District of
South Carolina, at Columbia. Cameron McGowan Currie, District
Judge. (CA-03-2622-3)

_____

Submitted: July 21, 2004            Decided: August 11, 2004

_____

Before NIEMEYER, MICHAEL, and GREGORY, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Robert L. Widener, Benjamin E. Nicholson, V, McNAIR LAW FIRM, P.A.,
Columbia, South Carolina, for Appellants. L. Franklin Elmore,
ELMORE & WALL, P.A., Greenville, South Carolina; Keith E. Coltrain,
ELMORE & WALL, P.A., Raleigh, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Lee Construction Company of the Carolinas, Inc., English Construction Company, and Seaboard Surety Company (the Plaintiffs) filed a complaint in South Carolina state court against Sloan Construction Company, Inc., Colas, Inc., and Liberty Mutual Insurance Company (the Defendants), arising out of a dispute over construction contracts. The Defendants removed the action to federal district court, which issued a show cause order directing the Defendants to show cause why the case should not be remanded for lack of subject matter jurisdiction because, inter alia, one of the Defendants was a resident of South Carolina. See 28 U.S.C. § 1441(b) (2000). The district court remanded the case to state court. The Plaintiffs appeal the denial of their request for attorneys' fees.

Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c) (2000). The district court's decision is reviewed for abuse of discretion. In re Lowe, 102 F.3d 731, 733 n.2 (4th Cir. 1996).

Although parties are presumptively entitled to recover attorneys' fees under § 1447(c), see Garbie v. DaimlerChrysler Corp., 211 F.3d 407, 410 (7th Cir. 2000), "the entitlement is not automatic—-the presumption is not irrebuttable." Sirotzky v. New

York Stock Exch., 347 F.3d 985, 986 (7th Cir. 2003). We find that, based on the facts of this case, the district court acted well within its discretion in denying the Plaintiffs' request for attorneys' fees. Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED