State of WISCONSIN, Plaintiff,

v.

ABBOTT LABORATORIES, AMGEN, INC., Astrazeneca Pharmaceuticals, LP, Astrazeneca, LP, Aventis Pharmaceuticals, Inc., Aventis Behring, LLC., Baxter International, Inc., Bayer Corporation, Boehringer Ingelheim Corporation, Bristol–Myers Squibb Co., Dey, Inc., Fujisawa Healthcare, Inc., Gensia Sicor Pharmaceuticals, Inc.,

Glaxosmithkline, Inc., Johnson & Johnson, Inc., Pfizer, Inc., Pharmacia, Schering–Plough Corporation, Tap Pharmaceutical Products, Inc., Watson Pharmaceuticals, Inc., Defendants.

No. 04–C–0477–C.

United States District Court, W.D. Wisconsin.

Oct. 5, 2004.

Charles Barnhill and Cynthia R. Hirsch, for Plaintiff.

James R. Daly, Attorney at Law, Chicago, IL, R. Christopher Cook, Jones Day, Washington, DC, William M. Conley, Foley & Lardner, Madison, WI, Steven F. Barley, Hogan & Hartson L.L.P., Baltimore, MD, Brian E. Butler, Stafford Rosenbaum, LLP, Madison, WI, Carlos M. Pelayo, Davis Polk and Wardwell, New York, NY, Paul Schliefman, Shook, Hardy & Bacon, Washington, DC, Michael L. Koon, Kansas City, MO, Stephen P. Hurley, Hurley, Burish & Milliken, S.C., Madison, WI, Bill Nussbaum, Hogan & Hartson LLP, Washington, DC, Merle M. Delancey, Dickstein, Shapiro,Morion & Oshinsky, Washington, DC, Kevin J. O'Connor, Lafollette, Godfrey & Kahn, Madison, WI, Allen S. Kinzer, Vorys, Sater, Seymour and Pease LLP, Columbus, OH, Roberta F. Howell, Foley & Lardner, Madison, WI, Steven M. Edwards, Hogan & Hartson LLP, New York, NY, John M. Moore, Bell, Gierhart & Moore, S.C., Madison, WI, Christopher Palermo, Kelley, Drye & Warren LLP, New York, NY, Bruce A. Schultz, Coyne, Niess, Schultz, Becker & Bauer, Madison, WI, Kathleen H. McGuan, Attorney at Law, Washington, DC, Lester A. Pines, Cullen, Weston, Pines & Bach, Madison, WI, T. Reed Stephens, Sonnenschein, Nath & Rosenthal, LLP, Washington, DC, Daniel W. Hildebrand, Dewitt, Ross & Stevens, Madison, WI, Waltraud A. Arts, Quarles & Brady, Madison, WI, Andrew Schau, Patterson, Belknap, Webb & Tyler LLP, New York, NY, John C. Dodds, Morgan, Lewis & Bockius, LLP, Philadelphia, PA, Timothy W. Feeley, Von Briesen & Roper, S.C., Milwaukee, WI, Earl H. Munson, Boardman, Suhr, Curry & Field, Madison, WI, Brien T. O'Connor, Ropes & Gray LLP, Boston, MA, Lynn M. Stathas, Reinhart, Boerner, Van Deuren, Madison, WI, Allen C. Schlinsog, Jr., Reinhart, Boerner, Van Deuren, Milwaukee,

WI, Daniel E. Reidy, Attorney at Law, Chicago, IL, Douglas B. Farquhar, Hyman, Phelps & McNamara, Washington, DC, Ralph A. Weber, Gass Weber Mullins, LLC, Milwaukee, WI, for Defendants.

## OPINION and ORDER

CRABB, District Judge.

This is a suit for monetary and injunctive relief filed by the State of Wisconsin against twenty pharmaceutical manufacturers. Plaintiff alleges that defendants inflated the average wholesale prices of their drugs, thereby violating several provisions of Wisconsin law. The case was originally filed in the Circuit Court for Dane County. On July 14, 2004, defendant Bayer Corporation filed a notice of removal with this court, asserting that this court had jurisdiction over this case under the diversity statute, 28 U.S.C. § 1332. All of the other defendants filed consents to the removal, with the exception of defendant Gensia Sicor Pharmaceuticals, Inc., which did not file its consent until July 27, 2004, one day after plaintiff filed its motion to remand. In its motion, plaintiff also requested an award of costs and attorney fees incurred as a result of the removal. In an order dated September 9, 2004, I lifted a previously entered stay on the briefing regarding plaintiff's motion to remand. Defendants have submitted a brief in opposition and I am ready to rule on plaintiff's motion. After reviewing the arguments submitted by the parties, I conclude that removal of this case was improper because this court lacks subject matter jurisdiction over the case. Therefore, I will grant plaintiff's motion to remand. In addition, I will grant plaintiff's request for costs and attorney fees.

## FACTS

Plaintiff State of Wisconsin, through its Attorney General Peggy A. Lautenschlager, filed its complaint in the Circuit Court for Dane County, Wisconsin, on June 3, 2004. Plaintiff's complaint consists of five counts arising from defendants' alleged practice of "publishing false and inflated prices for their drugs." Cpt. ¶ 1. Plaintiff brought this action "on behalf of itself, its citizens, and Wisconsin organizations (those that pay the prescription drug costs of their members, hereinafter 'private payers'), who have paid inflated prices for defendants' prescription drugs as a result of defendants' unlawful conduct." Cpt. ¶ 2.

Plaintiff alleges that defendants' alleged inflation of drug prices caused harm to the state, Wisconsin citizens, and certain private, Wisconsin-based organizations. First, plaintiff alleges that defendants' conduct caused the state to overpay for the drugs it purchases through its Medicaid program. Second, plaintiff alleges that Wisconsin Medicare Part B participants, primarily disabled and elderly citizens, were forced to pay higher co-pays for their prescription drugs than they would if defendants had published the actual drug prices. Third, plaintiff alleges that private, Wisconsin-based organizations that pay the prescription drug costs of their members overpaid for prescription drugs. Cpt. ¶ 52.

The complaint consists of five counts, all arising under Wisconsin law. Counts I and II allege violations of Wis. Stat. §§ 100.18(1) and 100.18(10)(b), which prohibit making false representations with the intent to sell merchandise. Count III alleges a violation of the Wisconsin Trust and Monopolies Act, Wis. Stat. § 133.05. Count IV alleges a claim for fraud on the Wisconsin Medicaid Program, Wis. Stat. § 49.49(4m)(a)(2). Count V states a common law claim for unjust enrichment.

Plaintiff seeks several forms of relief. With respect to Counts I and II, plaintiff seeks injunctive relief, civil forfeitures and restitution to the state programs, private

citizens, and other private payers harmed by defendants' actions. On Count III, plaintiff seeks injunctive relief, civil forfeitures and treble damages for the state and those injured by defendants' conduct. With respect to Count IV, plaintiff seeks civil forfeitures and remedial damages. For Count V, plaintiff seeks injunctive relief and disgorgement of all profits realized as a result of defendants' unlawful conduct.

## DISCUSSION

### A. *Jurisdiction*

Initially, I note that on August 3, 2004, the Clerk of the Judicial Panel on Multidistrict Litigation issued a conditional transfer order transferring this case to the District of Massachusetts for consolidated pre-trial proceedings pursuant to 28 U.S.C. § 1407. However, Rule 1.5 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation states that the existence of a conditional transfer order "does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court." Thus, the court has jurisdiction to rule on plaintiff's motion.

### B. *Standard of Review*

Although plaintiff has requested this court to remand the case, defendants bear the burden of proving that this court has subject matter jurisdiction because they removed the case to federal court. *Tylka v. Gerber Products Co.*, 211 F.3d 445, 448 (7th Cir.2000). To meet this burden, defendants must support their allegations of jurisdiction with evidence indicating a "reasonable probability that jurisdiction exists." *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir.1997). The existence of jurisdiction is determined as of the date of removal. *Sirotzky v. New York Stock Exchange*, 347 F.3d 985, 988 (7th Cir.2003). Also, in determining whether removal was proper, a district court must construe the removal statute, 28 U.S.C. § 1441, narrowly and resolve any doubts regarding subject matter jurisdiction in favor of remand. *See Doe v. Allied–Signal, Inc.*, 985 F.2d 908, 911 (7th Cir.1993); *People of the State of Illinois v. Kerr–McGee Corp.*, 677 F.2d 571, 576 (7th Cir.1982).

Plaintiff argues that removal of this case was improper for three reasons. First, there is no diversity jurisdiction in this case because the state of Wisconsin is the real party in interest. Second, the Eleventh Amendment bars removal of this case. Third, removal was improper because one of the defendants, Gensia Sicor Pharmaceuticals, did not file a timely consent to the notice of removal. I agree that the state of Wisconsin is the real party in interest and that this court does not have diversity jurisdiction over the case. Because my agreement with plaintiff's first argument is sufficient to decide this motion, I express no opinion on plaintiff's arguments regarding the Eleventh Amendment and failure to file a timely consent.

### C. *Real Party in Interest*

The removal statute, 28 U.S.C. § 1441, states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." In its notice of removal, defendant Bayer Corporation alleged that this court had original jurisdiction over this case by way of diversity. Diversity jurisdiction requires that the parties be citizens of different states and the dispute between them exceed $75,000. 28 U.S.C. § 1332.

It is well settled that a state is not a citizen for diversity purposes. *Indiana Port Comm'n v. Bethlehem Steel*

*Corp.,* 702 F.2d 107, 109 (7th Cir.1983) (citing *Postal Telegraph Cable Co. v. Alabama,* 155 U.S. 482, 15 S.Ct. 192, 39 L.Ed. 231 (1894)). However, in determining whether diversity jurisdiction exists, courts must look beyond the named parties and consider the citizenship of the real parties in interest. *Navarro Savings Assn. v. Lee,* 446 U.S. 458, 460, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980); *CCC Information Services,* 230 F.3d at 346. The focus of the "real party in interest" inquiry is on "the essential nature and effect of the proceedings." *Adden v. Middlebrooks,* 688 F.2d 1147, 1150 (7th Cir.1982) (citing *Ex parte New York,* 256 U.S. 490, 500, 41 S.Ct. 588, 65 L.Ed. 1057 (1921)). The court must determine whether plaintiff has "a substantial stake in the outcome of the case." *State of West Virginia v. Morgan Stanley & Co. Inc.,* 747 F.Supp. 332, 337 (S.D.W.Va.1990) (internal citations and quotations omitted).

Defendants propose to split the claims in plaintiff's complaint into two groups: those brought on behalf of the state and those brought on behalf of private citizens and organizations in Wisconsin. Defendants concede that plaintiff has an interest in the claims brought on behalf of the state but argue that with respect to the claims brought on behalf of private parties, those private parties are the true parties in interest because the relief requested will go directly to them. Therefore, defendants argue, the citizenship of those parties is relevant for diversity purposes. Defendants then argue that the claims brought on behalf of several large Wisconsin-based health insurers meet § 1332(a)(1)'s diversity and amount in controversy requirements. Thus, the court has diversity jurisdiction over those claims and supplemental jurisdiction over all other claims in plaintiff's complaint pursuant to 28 U.S.C. § 1367.

In support of their arguments, defendants cite *State of Connecticut v. Levi Strauss & Co.,* 471 F.Supp. 363 (D.Conn. 1979). In that case, Connecticut brought suit under its enforcement capacity and as *parens patriae* against the defendant under the state's antitrust statute. The defendant removed the case to federal court and the state sought remand. In analyzing whether diversity jurisdiction existed, the court began by noting that the state was seeking "several types of monetary awards, and ... in different capacities." *Id.* at 370. Specifically, the state had requested (1) recovery of allegedly unlawful overcharges incurred by Connecticut citizens, to be distributed to the affected individuals where possible but otherwise to be kept by the state; (2) a statutorily authorized civil penalty; and (3) attorney fees. *Id.* The court concluded that, insofar as the state was seeking monetary relief for "identifiable purchasers, the citizen status of the purchasers rather than the sovereign status of their benefactor controls for diversity purposes." *Id.* at 371.

Plaintiff argues that this court should not apply the reasoning in *Levi Strauss* to this case. Plaintiff argues that it is the real party in interest in this case when the case is viewed as a whole. First, Counts I–IV in the complaint (the two consumer fraud claims, the secret rebates claim and the Medicaid fraud claim) are brought pursuant to the state's law enforcement authority. *See* Wis. Stat. § 100.18(11)(d) (authorizing Department of Justice to bring suit in name of state to enjoin violation of consumer fraud statute); § 133.16 (authorizing Department of Justice to bring suit to prevent or restrain violations of antitrust statute); § 49.495 (giving Department of Justice authority to prosecute violations of laws affecting medical assistance programs). Second, a state is not stripped of its sovereignty merely because it seeks relief on behalf of its citizens in addition to

relief for harm done to the state itself. In support of this argument, plaintiff cites *Moore v. Abbott Laboratories, Inc.*, 900 F.Supp. 26 (S.D.Miss.1995) and *State of New York v. General Motors Corp.*, 547 F.Supp. 703 (S.D.N.Y.1982).

In *Moore*, 900 F.Supp. at 28–29, the Mississippi Attorney General filed suit against three pharmaceutical companies, alleging violations of the state's antitrust and consumer fraud statutes. The attorney general alleged that the defendants agreed to fix the wholesale price of infant formula sold in the state, thereby injuring private citizen consumers and the state, which purchased infant formula pursuant to a welfare program. The attorney general filed the suit on behalf of the state and as *parens patriae* on behalf of injured Mississippi citizens. The defendants removed the case to federal court, arguing that the real parties in interest were the private individuals who had purchased the formula. The court disagreed, ruling that the state was the real party in interest because the attorney general was suing under his statutory authority to bring suit for violations of the antitrust statute. *Id.* at 31.

In *State of New York*, 547 F.Supp. at 704, the New York Attorney General sued General Motors after receiving consumer complaints about alleged defects in one of the transmissions used in GM automobiles. The state sought several forms of injunctive relief and restitution to the injured consumers. General Motors removed the case to federal court, arguing that the state was merely a nominal party and that the real parties in interest were the allegedly defrauded consumers. The district court remanded the case primarily because of the wide-ranging injunctive relief sought by the state. *Id.* at 707. The court noted that the state had a "quasi-sovereign interest" in securing an honest marketplace that "preclude[d] characterizing the state

as a nominal party without a real interest in the outcome of this lawsuit." *Id.* at 705–06 (citing *Kelley v. Carr*, 442 F.Supp. 346, 356–57 (W.D.Mich.1977)). The court continued by stating that

> This conclusion is not altered by the State's decision to seek restitutionary relief and damages on behalf of those who allegedly have been defrauded by GM. Recovery of damages for aggrieved consumers is but one aspect of the case. The focus is on obtaining wide-ranging injunctive relief designed to vindicate the State's quasi-sovereign interest in securing an honest marketplace for all consumers. That recovery on behalf of an identifiable group is also sought should not require this Court to ignore the primary purpose of the action and to characterize it as one brought solely for the benefit of a few private parties.

*Id.* at 706–07.

In the present case, defendants' arguments appear to rest on a basic misunderstanding of the court's inquiry when faced with a real party in interest question. Defendants argue that the complaint should be split initially into two groups: claims made on behalf of private entities and claims made on behalf of the state. According to defendants, the court should then determine who is the real party in interest with respect to each group of claims. Defendants are correct that plaintiff appears to be wearing two hats by requesting relief for itself and for private parties, but that fact does not require this court to break the complaint apart along those lines for purposes of determining the real party in interest. On the contrary, most courts analyze real party in interest questions by examining the state's interest in a lawsuit as a whole. *See Moore*, 900 F.Supp. at 28–29, 31; *State of West Virginia*, 747 F.Supp. at 337; *State of Missouri ex rel. Webster v. Freedom Financial*

*Corp.*, 727 F.Supp. 1313, 1317 (W.D.Mo. 1989) (”[t]he interest of the state of Missouri ... is sufficient to preclude characterizing the State as a nominal party without a real interest in the outcome *of this lawsuit* ) (emphasis added); *State of New York*, 547 F.Supp. at 707 ("This is, in all respects, the State's action.").

Defendants cite *Missouri, Kansas & Texas Railway Co. v. Hickman*, 183 U.S. 53, 59, 22 S.Ct. 18, 46 L.Ed. 78 (1901), in which the Supreme Court stated that, in determining whether a state may be considered the real party in interest, "the state is such real party when the relief sought is that which inures to it alone, and in its favor the judgment or decree, if for the plaintiff, will effectively operate." This language seems to foreclose plaintiff's argument that it is the real party in interest because plaintiff is seeking restitution for private parties. However, lower courts have not strictly construed the language in *Missouri*, but instead have focused on the state's interest, monetary or otherwise, in the context of the entire case. *See State of West Virginia*, 747 F.Supp. at 338 (citing cases).

Thus, viewing the complaint as a whole, I am persuaded that plaintiff has a "substantial stake" in the outcome of this case. Four of the five claims in this case were brought by the Attorney General pursuant to specific statutory authority. *See Moore*, 900 F.Supp. at 31. In addition to damages for the private parties who allegedly overpaid for defendants' drugs, plaintiff seeks injunctive relief on four of the five claims. This type of prospective relief goes beyond addressing the claims of previously injured organizations or individuals. It is aimed at securing an honest marketplace, promoting proper business practices, protecting Wisconsin consumers and advancing plaintiff's interest in the economic well-being of its residents. *Alfred L. Snapp & Son, Inc. v. Puerto Rico ex rel. Barez*, 458 U.S. 592,

607, 102 S.Ct. 3260, 73 L.Ed.2d 995 (1982) (discussing state interests enforceable through *parens patriae* actions); *State of Missouri ex rel. Webster*, 727 F.Supp. at 1317; *Kelley*, 442 F.Supp. at 356–57 ("some of the most basic of a state's quasi-sovereign interests include maintenance of the integrity of markets and exchanges operating within its boundaries, protection of its citizens from fraudulent and deceptive practices, support for the general welfare of its residents and its economy, and prevention of its citizens' revenues from being wrongfully extracted from the state."). The fact that private parties may benefit monetarily from a favorable resolution of this case does not minimize or negate plaintiff's substantial interest. *State of Alabama ex rel. Galanos v. Star Service & Petroleum Co.*, 616 F.Supp. 429, 431 (S.D.Ala.1985) ("[w]hether other parties will benefit from this action does not affect the state's valid interest in enforcing this statutory scheme"); *State of New York*, 547 F.Supp. at 706–07. In sum, I conclude that the state of Wisconsin is the real party in interest in this litigation. Consequently, this court does not have jurisdiction over this case under 28 U.S.C. § 1332.

### D. *Fees and Costs*

Finally, plaintiff has asked for an award of attorney fees and costs incurred in seeking remand of this action. In this circuit, a party that succeeds in showing that removal is improper is presumptively entitled to an award of fees. *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 410 (7th Cir.2000) (" § 1447 is not a sanctions rule; it is a fee-shifting statute, entitling the district court to make whole the victorious party."); *see also Wisconsin v. Hotline Industries, Inc.*, 236 F.3d 363, 367–68 (7th Cir.2000); *Citizens for a Better Environment v. Steel Co.*, 230 F.3d 923, 927 (7th Cir.2000). However, the presumption

may be rebutted. *See, e.g., Sirotzky v. New York Stock Exchange*, 347 F.3d 985 (7th Cir.2003). Plaintiff need not show that removal was undertaken in bad faith. *Id.* at 987. Rather, an award is proper when "[r]emoval [is] unjustified under settled law." *Garbie*, 211 F.3d at 410.

Defendants have not addressed the award of fees and costs, presumably because they concentrated on establishing their right to removal. Now that I have found that defendants are not entitled to removal, it is necessary to consider whether there is any reason to deny plaintiff its fees and costs. If the question were one of good faith, this would be a more difficult case. Defendant's arguments were not frivolous. However, in light of the presumption that awards should be made to the victorious party, I conclude that plaintiff is entitled to reimbursement for its reasonable fees and costs.

## ORDER

IT IS ORDERED that

1. Plaintiff's motion to remand this case to state court is GRANTED.

2. Plaintiff's request for costs and attorney fees under 28 U.S.C. § 1447(c) is GRANTED.

3. Plaintiff may have until October 20, 2004, in which to submit an itemization of the actual expenses, including costs and attorney fees, it incurred in responding to defendants' removal.

4. Defendants may have until November 3, 2004, to file an objection to any itemized costs and fees.

5. This case is REMANDED to the Circuit Court for Dane County, Wisconsin.

6. The clerk of court is directed to return the record in case number 04–C– 0477–C to the Circuit Court for Dane County, Wisconsin.