Filed 2/3/26  N.V. v. C.C. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Plumas)

----

| | |
|---|---|
| N.V., | C101039 |
| Plaintiff and Respondent, | (Super. Ct. No. CV2300214) |
| v. | |
| C.C., | |
| Defendant and Appellant. | |

After holding an evidentiary hearing, the trial court granted N.V.'s request for a civil harassment restraining order against her high school classmate, C.C.  On appeal, C.C. argues his due process right to a fair trial was violated because N.V. was represented by her father in the trial court, who engaged in the unauthorized practice of law.  We conclude C.C. lacks standing to raise this challenge on appeal because the prohibition

1

against the unauthorized practice of law is designed to protect the litigant who is represented by an unlicensed person, not the opposing party. Accordingly, we affirm.

## BACKGROUND

The factual basis of the trial court's order is immaterial to this appeal. It suffices to say that N.V.'s father filed a request for the civil harassment restraining order on her behalf in October 2023, when she was 17 years old. In a signed statement that supported the request, N.V. explained that C.C.'s behavior toward her made her afraid to go to school. By the time an evidentiary hearing on N.V.'s allegations occurred in March 2024, both N.V. and C.C. had apparently turned 18. N.V.'s father questioned and cross-examined C.C. and other witnesses at the hearing. In a written ruling, the trial court found N.V. had established that C.C.'s in-school conduct warranted issuance of a two-year civil harassment restraining order that, among other things, prohibited C.C. from contacting N.V. in any way.

The restraining order expires in March 2026. C.C. filed a timely appeal and the matter became fully briefed in October 2025.

## DISCUSSION

### *Practice of Law By a Layperson*

C.C. argues his due process right to a fair trial was violated when N.V.'s father practiced law without a license in the trial court. N.V. argues that because the prohibition on the unlicensed practice of law is designed to protect someone who is represented by an unlicensed person and not their opponent, we should reject C.C.'s attempt to "appropriate" the rule for his benefit on the merits. We conclude as a threshold matter that C.C. lacks standing to raise this appellate claim.

A.       *Standing*

Although the parties did not assert or brief the issue of standing, the issue is fairly included within C.C.'s argument that his due process rights were violated when N.V.'s father represented her in the trial court.  (See Gov. Code, § 68081; *People v. Alice* (2007) 41 Cal.4th 668, 678-679 [the parties need not be afforded an opportunity to present their views through supplemental briefing when the issue is inherent in the claim presented; *Payne v. Anaheim Memorial Medical Center, Inc*. (2005) 130 Cal.App.4th 729, 745 ["the issue of standing is so fundamental that it need not even be raised below—let alone decided—as a prerequisite to our consideration"].)

A losing party is precluded from raising issues on appeal that do not affect his or her own rights.  (*Khan v. Medical Board* (1993) 12 Cal.App.4th 1834, 1840 ["appellant has no standing to assert error with respect to the rights of respondent"].)

B.       *Assuring Competent Representation*

Representation of a client by an unlicensed person in court is a fraud on the unknowing client and affects the integrity of the litigation process when the unlicensed person loses the case.  (*Russell v. Dopp* (1995) 36 Cal.App.4th 765, 777-778.)  Accordingly, our system of justice has a "public policy designed to preserve the rights of litigants from the mistakes of the ignorant and against injuries caused by the unscrupulous."  (*Gomes v. Roney* (1979) 88 Cal.App.3d 274, 275; see *J.W. v. Superior Court* (1993) 17 Cal.App.4th 958, 969 ["The prohibition against unauthorized practice of law is within the state's police power and is designed to assure . . . competency" and to avoid judgments that result from "lack of legal skills"].)  "This policy is obviously not applicable in cases where the litigant to be protected is the *successful* one."  (*Gomes*, at p. 275, italics added.)

C.  *Analysis*

Because the prohibition against the unauthorized practice of law is designed to protect a litigant who is represented by an unlicensed person (N.V., in this case), C.C. has no standing to raise this issue on appeal.[1]  (*Khan v. Medical Board*, *supra*, 12 Cal.App.4th at p. 1840.)

DISPOSITION

The judgment is affirmed.  N.V. is entitled to recover her costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1), (2).

/s/
BOULWARE EURIE, J.

We concur:

/s/
HULL, Acting P. J.

/s/
KRAUSE, J.

---

[1]  C.C.'s assertion that he was not allowed to have his parents assist him in the trial court is not supported by citations to the record.  He cites the first page of the trial court's ruling, which explains that N.V.'s father and C.C. both called witnesses at the evidentiary hearing.  Nor does the record reflect that C.C. ever objected in the trial court to N.V.'s father's role in the proceedings.